NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 09-4282 and 09-4283

MATTHEW DRAGOTTA, Individually
and on behalf of all others similarly situated,
Appellant in 09-4282

v.

WEST VIEW SAVINGS BANK

DANIELA HELKOWSKI, individually and
on behalf of all others similarly situated,
Appellant in 09-4283

v.

SEWICKLEY SAVINGS BANK

Appeals from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Nos. 2-09-cv-00627 and 2-09-cv-00633)
District Judge: Honorable Terrence F. McVerry

Argued September 14, 2010

Before:  RENDELL, FISHER and GARTH, Circuit Judges.

(Filed: September 28, 2010)

R. Bruce Carlson, Esq.
Gary F. Lynch, Esq.     **[ARGUED]**
Carlson Lynch
36 North Jefferson Street
P.O. Box. 7635
New Castle, PA 16107
   *Counsel for Appellants*

Dorothy A. Davis. Esq.     **[ARGUED]**
April M. Hincy, Esq.
Eckert, Seamans, Cherin & Mellott
600 Grant Street
44th Floor, U.S. Steel Tower
Pittsburgh, PA 15219
   *Counsel for Appellees*

Keith A. Clark, Esq.
Ryan P. Siney, Esq.
Shumaker Williams
3425 Simpson Ferry Road
Camp Hill, PA 17011
   *Counsel for Amicus Appellee*
   *PA Association of Community Bankers*

---

OPINION OF THE COURT

---

RENDELL, <u>Circuit Judge</u>.

## **Background[1]**

On May 21, 2009, Appellants Matthew Dragotta and Daniela Helkowski filed

separate complaints with the United States District Court for the Western District of

---

[1] As we write solely for the benefit of the parties, who are familiar with the facts and procedural history of the consolidated cases, we confine our discussion to the legal issues presented and include only those facts necessary to our disposition.

Pennsylvania. The complaints against the Appellees, West View Savings Bank and Sewickley Savings Bank respectively, alleged identical offenses under the Electronic Fund Transfers Act ("EFTA"). 15 U.S.C. § 1693 *et seq*. Specifically, the complaints alleged that the Appellees failed to comply with the notice requirements of EFTA when they imposed a transaction fee on the Appellants for the use of the Appellees' automated teller machines ("ATM") and gave notice of the fee only on the screen, rather than on both the screen and the machine, as the EFTA requires.[2]

The District Court dismissed both complaints pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, concluding that the availability of the statutory good faith defense under the EFTA to the Appellees was apparent on the face of the complaint. Both Appellants timely appealed the dismissals to this Court, and the individual actions have been consolidated before us.

On appeal, the Appellants argue that the complaints they filed with the District Court are sufficient to withstand the Rule 12(b)(6) motion. First, they urge that the good faith defense found in 15 U.S.C. § 1693m is not available because the Appellees rely on an interpretation of the Federal Deposit Insurance Corporation ("FDIC"), not the Federal Reserve System. Alternatively, the Appellants argue that even if the good faith defense of the EFTA is available to the Appellees, it is inappropriate to dismiss these cases

---

[2]Appellees urge that because the two subsections setting forth the two different notice requirements are not connected by "and", both notices are not necessarily required. We do not accept this argument. 15 U.S.C. § 1693b(d)(3)(B)(i), (ii).

3

because the good faith is raised as an affirmative defense and creates a triable issue of fact.

The Appellees counter on appeal that the FDIC is duly authorized by the EFTA to interpret and enforce the statute, and thus the good faith defense is available. Additionally, the Appellees argue that the dismissal was warranted because the existence of the good faith defense is apparent on the face of the complaint.

For the reasons stated below, we will vacate the District Court's orders granting the Appellees' motion to dismiss and remand for further proceedings consistent with this opinion.

The District Court had jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1693 *et seq*. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. In reviewing the District Court's legal determinations in granting a motion to dismiss for failure to state a claim, our standard of review is plenary. *Santiago v. GMAC Mortg. Corp.*, 417 F.3d 384, 386 (3d Cir. 2005). Dismissal of a complaint under Rule 12(b)(6) is only appropriate if it can be said that, under a plausible reading of the complaint, the plaintiff is not entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The presence of an affirmative defense does not automatically create a triable issue of fact, but when an affirmative defense is "apparent on the face of a complaint", it may be appropriate for a court to dismiss an action pursuant to a Rule 12(b)(6) motion. *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

## Discussion

The District Court based its view that the Appellees qualified for the good faith

defense under 15 U.S.C. §1693m(d)(1) on the fact that the FDIC's Compliance

Examination Handbook ("Handbook") permitted notice of the fee to be located either on

the ATM machine or on the screen. The withdrawals made by Dragotta and Helkowski

were made on May 18, 2009, and May 6, 2009, respectively. At that time, the Handbook

in effect provided for only one notice – either on the screen or on the ATM machine. It

was not until June 2009 that the Handbook provided for two notices – one on the screen

and one on the ATM machine. The District Court relied on the FDIC's enforcement

power over state banks that are not members of the Federal Reserve System. The District

Court reasoned that (1) 15 U.S.C. §1693o and its accompanying regulations ("Regulation

E"), (2) the FDIC's general authority over state non-Federal Reserve member banks

derived from 12 U.S.C. § 1811 *et seq.*, (3) and the duties and powers of the FDIC in

pursuing its mission, supported its view that the Appellees' reliance on the interpretation

of the statute by the FDIC fell under the protections of the 15 U.S.C. §1693m(d)(1) good

faith provision.

The good faith provision of EFTA, 15 U.S.C. § 1693m(d) states:

(d) Good faith compliance with rule, regulation, or interpretation of Board
or approval of duly authorized official or employee of Federal Reserve
System

No provision of this section or section 1693n of this title imposing any liability shall apply to–

> (1) any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor[.]

The District Court did not address whether or how the Handbook "fits" within the statute. We think the District Court should address this issue in the first instance. We will remand to give the District Court the opportunity to address this issue.

If the District Court determines that the Appellees could avail themselves of the good faith defense on this basis, we will, nonetheless, require that it enter an order denying dismissal because, while it may be appropriate for a court to dismiss a complaint for a failure to state a claim when an affirmative defense is "apparent on the face of a complaint," that is not the case here. *Rycoline Prods., Inc.,* 109 F.3d at 886. Whether or not the banks did act "in good faith", as the statute requires, raises factual questions which cannot be resolved based solely on the pleadings currently before the Court.

**Conclusion**

For the reasons set forth above, we will VACATE the Order of the United States Court for the Western District of Pennsylvania and REMAND for further proceedings consistent with this opinion.